UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRITTANY WINER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-162-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MATTHEW STURGILL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brittany Winer filed this action on June 22, 2022, alleging that Defendant Matthew Sturgill violated her rights under federal and state law when he OC sprayed her twice while arresting her for trespassing.  [Record No. 1] The Court granted summary judgment in favor of Sturgill with respect to Winer's claims that the defendant's first deployment of OC spray constituted excessive force in violation of the Fourth Amendment and Kentucky law, and that his failure to treat her injuries amounted to deliberate indifference.  [Record No. 55] Summary judgment was denied with respect to the plaintiff's claims regarding Sturgill's second use of OC spray.  [*Id.* at pp. 13-16, 18-20]

A jury trial on Winer's remaining claims is scheduled to begin July 25, 2022.  The matter is currently pending for consideration of the parties' motions in limine and objections to exhibits.  [Record Nos. 67, 68, 69, 70] For reasons that follow, the plaintiff's motion will be granted, in part, and denied, in part.  The defendant's motion will be granted.

**I.**

This action arises out of events occurring on June 24, 2021, at the Winchester, Kentucky office of the Cabinet for Health and Family Services ("CHFS"). Details concerning the incident are outlined in the Court's previous memorandum opinion at Record No. 55, so only the basic facts will be repeated here. Winer visited CHFS on June 24, 2021, to report a domestic disturbance involving the father of her children, Tornell Fisher. During her meeting with CHFS employee Nicole Smith Favia and Winchester Police Department Detective Robert Mott, Winer exhibited "erratic behavior" and at one point brandished a gun that she claimed belonged to Fisher. [Record No. 46, p. 18] Mott, who was on the phone with Winchester Police Detective Reed at the time, exclaimed "Gun" and told Winer to drop the weapon. Winer refused.

Observing that Winer's behavior had escalated, Favia asked the plaintiff to leave CHFS. Mott escorted Winer to her car in the CHFS parking lot. Sturgill arrived shortly thereafter and explained that CHFS would tow her car if she did not leave the premises. The plaintiff left the parking lot on foot for several minutes but returned when she observed that her vehicle was being towed. Winer objected to the removal of the vehicle and sat in the front seat in protest.

Mott negotiated with Winer for approximately four minutes, asking her to get out of her car and off the premises. He then attempted to remove the plaintiff from the car by hand, but Winer resisted. After Sturgill returned to CHFS to assist Mott with the arrest, the officers together tried removing the plaintiff from her vehicle with their hands. Sturgill warned Winer several times that she was being arrested for trespassing and that he would OC spray her if she failed to exit the vehicle. He sprayed her the first time after the first warning.

The plaintiff covered her face with a garment after Sturgill sprayed her. Mott and Sturgill continued to negotiate with Winer for approximately ninety seconds after the first spray, with Sturgill commenting that the officers did not "want to use any more force on [her]" and that they would "get [Winer] some water" if she exited her car. [*See* Record No. 55, p. 5.] Efforts at persuasion proving unsuccessful, Sturgill walked to the passenger door of the plaintiff's vehicle and warned Winer that he would spray her again if she refused to comply. He waited for the plaintiff to remove the garment from her face before spraying a second time.

Officer John Best of the Winchester Police Department arrived soon after Winer was sprayed the second time. Best helped Sturgill remove the plaintiff from her car, arrest her, and place her in Sturgill's police vehicle. Sturgill drove Winer to the detention center where EMS decontaminated the plaintiff from the effects of the OC spray.

Winer filed this action on June 22, 2022, asserting eight claims against Sturgill and Mott. On May 25, 2023, this Court granted, in part, and denied, in part, the defendant's motion for summary judgment. As mentioned previously, the following claims against Sturgill remain: (1) that he violated Winer's Fourth Amendment right to be free from excessive force when he OC sprayed her a second time, and (2) that his second use of OC spray constituted a battery under Kentucky law.

## II.

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "Motions in limine are utilized to enable more expedient trial practice by resolving particular evidentiary disputes." *Smith v. Windstream Commc'ns, Inc.*, No. 11-272-

GFVT, 2013 WL 12177457, at *1 (E.D. Ky. Sept. 12, 2013).  Motions to exclude broad categories of evidence are usually denied, as "the 'better practice' is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds." *Middleton v. SelecTrucks of America, LLC*, 589 F. Supp. 3d 687, 691 (W.D. Ky. 2022) (citation omitted).  As such, a court's ruling in limine is "no more than a preliminary, or advisory, opinion" that may be altered or amended at trial.  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)).

Rule 402 of the Federal Rules of Evidence provides that "evidence is admissible if it is 'relevant.'"  *United States v. Dunn*, 805 F.2d 1275, 1281 (6th Cir. 1986).   Under Rule 401, evidence is "relevant" if it "has any tendency to make a fact more or less probable than it would be without the evidence," and that "the fact is of consequence in determining the action." Evidence that is relevant under Rule 401 may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

With these general principles in mind, the Court turns to the parties' motions.

### A.  Winer's Motion in Limine and Objections to Exhibits

### 1.  Plaintiff's Objections to Interrogatories or Document Requests, or that Plaintiff Asserted a Claim of Privilege

Winer first requests that the Court exclude any "[a]rgument, testimony, evidence, or reference to the fact that Plaintiff made any objections to interrogatories or document requests, or asserted a claim of privilege, during the pretrial phrase of this case."  [Record No. 67-1, p. 2]   The plaintiff contends that evidence of her pretrial decisions is irrelevant because it "ha[s]

no bearing on the substantive issues to be decided by the jury." [*Id.*]  Additionally, she argues that the evidence should be excluded under Rule 403 because its "probative value is substantially outweighed by a danger of unfair prejudice."  The defendant does not object to this request.

A ruling on this request seems unnecessary, as Sturgill has not stated that he intends to rely on any of the plaintiff's objections or asserted claims of privilege during trial.  However, because the evidence is not relevant, the plaintiff's motion regarding this issue is granted.

## 2.  Testimony of Witnesses who are Absent, Unavailable, or Whom Plaintiff Did Not Call to Testify

Winer next seeks to exclude "any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Plaintiff did not call to testify." [Record No. 67-1, p. 3]  While the defendant does not object to the request, the Court finds it vague and overbroad.  The plaintiff does not identify any specific witnesses whose testimony should be excluded under this category.  Moreover, she fails to recognize that Sturgill may seek to refer to testimony from witnesses that the *defendant* calls, whether or not those witnesses were called by the plaintiff.  The motion on this issue is denied.

## 3.  Plaintiff's Failure to Call Witnesses

Winer moves to exclude "[a]ny reference to the fact that Plaintiff failed to call any witness equally available to all parties in the case." [Record No. 67-3, p. 3]   The defendant does not object to the request.

The Court notes that a jury may consider a party's failure to call a witness under certain circumstances.  The Supreme Court recognized that a jury may be instructed on a party's failure to call a material witness at trial if the "party has it peculiarly within his power to

produce [the] witness[]," and if the witness' testimony is "relevant and noncumulative." *Graves v. United States*, 150 U.S. 118, 121 (1893); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 659 (11th Cir. 1988). However, because the plaintiff seeks to exclude reference to the fact that she failed to call a witness "equally available to all parties," the missing witness rule would not apply. The plaintiff's motion on this issue is granted.

### 4. Reference to the Motion in Limine

Winer requests that the Court exclude "any reference to the existence or filing of this motion in limine, or the fact that Plaintiff has sought to exclude evidence, or to any ruling on the motion in limine by the Court." [Record No. 67-1, p. 3] The defendant does not object, and there is no indication that Sturgill intends to rely on such evidence at trial. While the plaintiff's request (again) seems unnecessary, the motion is granted.

### 5. Receipt of Benefits

Winer moves to exclude "any reference to the receipt by Plaintiff, or her entitlement to receive, benefits of any kind from a collateral source, including the following: health or life insurance coverage; unemployment benefits; government benefits . . . workers' compensation benefits; free medical services; 'comp time'; or any other benefits." [*Id.* at p. 4] The plaintiff claims that evidence of any collateral benefits she receives is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence and the collateral source rule, which "bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994).

Sturgill does not object, nor does he indicate that he seeks to introduce evidence of the plaintiff's receipt of benefits at trial. The motion regarding issue is granted.

### 6. State or Federal Income Tax

The plaintiff next moves to exclude "any reference that a recovery from this action may or may not be subject to federal income tax or any other tax." [Record No. 67-1, p. 4]   The defendant does not object.  Relevant pattern jury instructions do not reference the possibility that an award of damages may be taxed.  *See, e.g.,* Donald P. Cetrulo, *Kentucky Instructions to Juries* §§ 39.02, 39.15, 39.18 (6th ed. 2022); Eleventh Circuit Pattern Instruction § 5.13.  Moreover, the Court does find that any such reference would be relevant.  The plaintiff's motion on this issue is granted.

### 7. Other Lawsuits

Winer moves to exclude "reference to any unrelated prior or subsequent claims, suits or settlements, and their amount." [Record No. 67-1, p. 4]  The defendant does not object. The Court agrees that evidence of prior litigation involving either party would not be relevant to this proceeding.  The motion on this issue is granted.

### 8. Plaintiff's Attorney

The plaintiff moves to exclude "any reference to the time or circumstance under which Plaintiff employed a lawyer, or that a motive, purpose or result of this lawsuit is or will be to compensate Plaintiff's lawyers." [*Id.* at p. 5] Winer contends that, in addition to being inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, the plaintiff's communications with counsel are protected by attorney-client privilege.  The defendant does not object.  While not all of the plaintiff's conversations with her attorney are shielded under the attorney-client privilege, the Court concludes that such reference would not be relevant. The motion on this issue is granted.

## 9.   Previous Interactions with Law Enforcement and Social Services; Other Crimes, Wrongs, or Acts

Winer next seeks to exclude any "[a]rgument, testimony, evidence, or reference to any previous law enforcement or social services interactions involving the Plaintiff, and evidence of other crimes, wrongs or acts of the Plaintiff." [*Id.* at pp. 5-6]  She claims that evidence of her prior interactions with law enforcement and social services is irrelevant and prejudicial and that it constitutes "inadmissible character evidence under [Rule 404(a) of the Federal Rules of Evidence] and inadmissible hearsay under [Rule 802]." [*Id.* at p. 5]  The plaintiff cites *Slappy v. City of Detroit*, in which the district court for the Eastern District of Michigan excluded unrelated allegations of police misconduct as "irrelevant, unfairly prejudicial, and improper character evidence."  No. 19-10171, 2021 WL 2986284, at *5 (E.D. Mich. July 15, 2021).

Rule 404(b)(1) of the Federal Rules of Evidence prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, the rule provides that evidence of other bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The Sixth Circuit has articulated a three-pronged test for determining whether to admit evidence under Rule 404(b), noting that courts should consider: "(1) whether sufficient evidence exists to prove that the other act in question actually occurred; (2) whether the evidence of the other act is probative of a material issue other than character; and (3) if so, whether the probative value of the evidence substantially outweighs its potential prejudicial effect."  *Baskin v. Pepsi MidAmerica Co.*, No.

5:13-CV-00030-TBR, 2015 WL 363906, at *2 (W.D. Ky. Jan. 27, 2015) (citing *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

Sturgill agrees with Winer's request to exclude prior interactions with law enforcement. Specifically, Sturgill moves to exclude reference to "[e]vents in Lexington involving alcohol arrests of Brittany Winer . . . [e]vents at the Plaintiff's residence on June 23, 2021 . . . [and e]vents occurring three (3) weeks prior to June 24, 2021." [Record No. 71, p. 8] Regarding the last request, Sturgill explains that he interacted with Winer in early June to investigate a potential sexual assault allegation. He claims that reference to that interaction should be excluded, including Winer's statement to Sturgill on June 24, 2021 (recorded by Sturgill's body camera) that he was "the guy that pressed sexual assault charges on [Winer] because [she] couldn't remember after being hit in the head when [she] never said [she] was sexually assaulted." [*Id.* at p. 9, citing Record No. 41-11, Sturgill BWC Video 1 at 02:22]

The plaintiff's request to exclude evidence of prior interactions with law enforcement will be granted. Winer's prior interactions with police officers other than the defendant will be excluded under Rule 402 because the evidence is irrelevant to the question of whether Sturgill used excessive force when he arrested Winer on June 24, 2021. *See, e.g., Cox v. Wilson*, No. 15-cv-0128-WJM-NYW, 2017 WL 1632506, at *4 (excluding reference to plaintiff's prior interactions with law enforcement because the evidence "has no real bearing on whether the Defendant's use-of-force was objectively reasonable"). Additionally, the evidence will be excluded under Rule 404(b)(2) because the defendant has not demonstrated that it is "probative of a material issue other than [Winer's] character." *Baskin*, 2015 WL 363906, at *2.

- 9 -

By contrast, evidence of the plaintiff's law enforcement encounters with Sturgill are relevant to explain the defendant's conduct on June 24, 2021.  As previously explained in the Court's Memorandum Opinion and Order responding to the parties' motions for summary judgment, determining whether the amount of force that Sturgill used while arresting Winer was reasonable requires considering the totality of the circumstances, including the "information available to [Sturgill] at the time [he] used force."  *Simmonds v. Genesee Cnty.*, 682 F.3d 438, 445 (6th Cir. 2012).  The "nature of [Winer's] earlier interactions with [Sturgill]" provides pertinent background information regarding the parties' relationship and helps to explain the defendant's conduct while arresting the plaintiff.  *Hicks v. Craw*, No. 5:17-CV-475, 2022 WL 3593623, at *5-6 (N.D.N.Y. Aug. 22, 2022) (admitting evidence of defendant's prior interactions with police officer because the plaintiff's "history of past conflict with [the officer" could help explain the officer's use of force).

Despite its relevance, Sturgill states that he does not intend to present any evidence of Winer's previous interactions with law enforcement in response to her motion in limine.  And as explained in more detail with respect to the defendant's motion, the probative value of Sturgill's prior interactions with Winer is substantially outweighed by the risk of misleading the jury under Rule 403.  Accordingly, Winer's request to exclude evidence of prior interactions with law enforcement is granted.

Winer next claims that any reference to her previous interactions with social services should not be admitted because such evidence would be irrelevant and unfairly prejudicial.  Sturgill does not respond to Winer's request to exclude evidence of prior interactions with social services.

The plaintiff has not identified any specific, prior interactions with social services that she seeks to exclude.  However, Sturgill identifies at least one of the plaintiff's prior interactions with CHFS in his motion in limine, in which he requests to exclude evidence related to events occurring prior to June 24, 2021.  Because that motion will be granted, the Court will grant the plaintiff's corresponding request.

Winer moves to exclude evidence of her other crimes, wrongs, or acts.  Like with her previous request, she has failed to reference specific prior "crimes, wrongs, or acts" that should be excluded under Rule 404(b)(1).  And although Sturgill has not indicated that he intends to rely on such evidence at trial, the Court will not exclude the broad category of "other acts" evidence at this juncture of the case.  The plaintiff's motion will be granted with respect to her request to exclude prior interactions with social services and law enforcement, and denied with respect to her request to exclude evidence of her other "crimes, wrongs, or acts."

### 10.  Character Evidence

Winer moves to exclude "[a]ny character evidence of the Plaintiff whether it come [sic] from Defendant's witnesses, cross-examination of Plaintiff's witnesses[,] or cross-examination of the Defendant unless and until the Plaintiff places her character in issue." [Record No. 67-1, pp. 6-7]  The plaintiff has not demonstrated that the broad category of evidence she seeks to exclude is "clearly inadmissible on all potential grounds."  *Middleton*, 589 F. Supp. 3d at 691.  For example, Rule 608 of the Federal Rules of Evidence permits the introduction of reputation or opinion evidence to undermine or support a witness' character for truthfulness, if the witness' character for truthfulness has been attacked.  Fed. R. Evid. 608(a).  The motion relating to this issue is denied.

- 11 -

**11. Hearsay Testimony**

The plaintiff seeks to exclude "[a]ny hearsay testimony by Defendant's witnesses and the use of any Defendant's exhibits which containing [sic] hearsay therein." [Record No. 67-1, p. 7]  She identifies eight sections from Favia's deposition which she claims should be excluded, including Favia's statements that contain "[h]earsay from other social workers . . . [h]earsay from Vanessa Dennis . . . [h]earsay testimony about prior law enforcement interactions with Plaintiff . . . [and testimony] that [the CHFS] building manager called [a] tow truck." [*Id.*]  The plaintiff contends that the hearsay contained in Favia's testimony is not admissible "under any of the exceptions to the hearsay rule." [*Id.*]  She further argues that admitting statements from declarants who "were not disclosed in Defendant's Rule 26(a)(1) disclosures . . . [or identified] in Defendant's Witness List" would violate the plaintiff's right to a fair trial. [*Id.*]

Sturgill objects to the plaintiff's motion.  First, he asserts that evidence of Favia and Mott's statements to Sturgill on June 24, 2021, are "simply not hearsay" because both parties will be called to testify at trial. [Record No. 71, p. 2]  Additionally, the defendant claims that he may testify about the "information he received from Mott on June 24, 2021," because Mott's statements to Sturgill are relevant to show the information that the defendant possessed at the time he arrested Winer. [*Id.* at p. 71 (citing *Jefferson v. Lewis*, 594 F.3d 454, 461 (6th Cir. 2010) (noting that courts determining whether an officer's use of force was reasonable should consider "the 'information possessed' by the officer, without regard to the officer's subjective beliefs and without regard to facts not known by the officer at the time of the incident").] *See also Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) (recognizing "communications from other officers" as a relevant factor to consider in determining the reasonableness of an

officer's actions). Moreover, the defendant argues that testimony about his conversations with Mott is not inadmissible hearsay if Mott's statements are admitted to show their effect on the defendant, rather than for the truth of the matter asserted. [*Id.* at p. 3]

Absent a relevant exception, the Federal Rules of Evidence prohibit admitting hearsay, which is defined as any statement that "the declarant does not make while testifying at the current trial or hearing" and that is offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). By contrast, "[w]hen an out-of-court statement is offered for some other purpose—such as its effect on the listener—it is not hearsay." *Bell v. Jefferson*, No. 5:18-CV-32-CHB, 2021 WL 1233457, at *16 (E.D. Ky. Mar. 31, 2021).

Testimony from Mott and Favia regarding their own observations and interpretations of events that occurred on June 24, 2021, does not constitute inadmissible hearsay because both parties will be called to testify as witnesses during trial. However, the defendant may not introduce statements from other social workers, Vanessa Dennis, or other parties who will not be called to testify, to prove the truth of those statements. Sturgill has not demonstrated that statements from CHFS workers who are not called to testify would fall under any exception to the rule against hearsay, and as such they may be excluded.

Mott and Favia may testify about information they relayed to Sturgill on the day of Winer's arrest to show the effect of their statements on the defendant. Such evidence is relevant to show what information was available to Sturgill at the time he arrested Winer. And Mott and Favia's statements to Sturgill are not inadmissible hearsay if offered to demonstrate how their communications to Sturgill explained the actions that the defendant took at CHFS, rather than for the purpose of proving that what they said was true. *See, e.g., Jewett v. Anders*, 521 F.3d 818, 826 n.5 (7th Cir. 2008) (admitting record of dispatch provided to an officer

because the information was "offered to demonstrate the effect of this information on [the Officer] as he encountered [the plaintiff] and to explain the Officer's actions in detaining [the plaintiff], not to prove the truth of the matter asserted").

Specifically, Winer's motion to exclude portions of Favia's testimony containing hearsay statements from "other social workers" and "Vanessa Dennis," as well as her testimony that "other people told [Winer] to leave," will be granted.  [*See* Record No. 67-1, p. 7, (a), (b), (c), (f))]  The plaintiff's request to exclude Favia's "[h]earsay testimony about prior law enforcement interactions" and "previous social services . . . interactions" will be excluded in accordance with the Court's ruling on Motion No. 9.  [*Id.* at (d), (h)]

Winer's request to exclude as hearsay Favia's testimony regarding "the fear of other co-workers" and the building manager's decision to call a tow truck will be denied because that testimony is not hearsay.  [*Id.* at (e), (g)]  Only a "statement" may be excluded as hearsay under Rule 801, which is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."  Fed. R. Evid. 801(a).  The perceived emotions of Favia's coworkers and the conduct of the CHFS building manager do not constitute statements.  The plaintiff's motion regarding this proposed evidence is denied, in part, and granted, in part.

### 12.  Objection to Sturgill's Exhibits

Winer objects to 14 of the defendant's proposed exhibits, including audio recordings of dispatches and radio traffic, and two computer-aided dispatch reports ("CAD reports") from the date of Winer's arrest.  [Record Nos. 67-1, pp. 7-9, 68]  She claims that the information contained in the exhibits, even if relevant, is unduly prejudicial under Rule 403 of the Federal Rules of Evidence.  Alternatively, she claims that the statements contained in the exhibits

should be excluded as inadmissible hearsay.  The defendant argues that the statements at issue may be admitted to show their effect on Sturgill, rather than to establish the truth of the matter asserted.   He also claims that the statements are admissible under the "present sense impressions" exception to the rule against hearsay.  [*Id.* (citing Fed. R. Evid. 803(8))]  Finally, he claims that the statements in the CAD reports fall within the "public records" exception set forth in Rule 803(8).  [*Id.*]

The Court agrees with that the statements in the identified audio recordings and CAD reports are relevant.  The jury will be tasked with evaluating the reasonableness of Sturgill's use of force in effectuating Winer's arrest.  To that end, they may consider the information he possessed at the time of the arrest, including any dispatches that he heard or reports that he read pertaining to the incident.  *See Jefferson*, 594 F.3d at 461; *see also Williams v. City of Chattanooga, Tenn.*, 772 F. App'x 277, 280 (6th Cir. 2019) ("This court looks to whether the officer's use of force was unlawful or unconstitutional "based upon the 'information possessed' by the police officer involved.") (citation omitted).

Additionally, the statements in the subject exhibits are not unduly prejudicial under Rule 403.  The dispatches contain statements from other police officers who ask for assistance at CHFS following Winer's interview with Favia and Mott.  In one recording, Mott requests emergency assistance and mentions that Winer had pulled out a gun.  [Record No. 56, Exhibit 8] While such statements are admittedly prejudicial, their probative value is not *substantially* outweighed by any unfair prejudice to Winer, as is required for exclusion under Rule 403. Winer does not dispute that she held a gun in front of Favia and Mott during her interview of CHFS, and that Mott's report of the gun and request for assistance caused Sturgill to report to

- 15 -

the CHFS parking lot.  Reports that the plaintiff possessed a gun provide relevant context and explain why Sturgill assisted Mott with the plaintiff's arrest.

Winer argues that the subject exhibits are not representative of what occurred during her interview with CHFS, contending that both Favia and Mott testified that she "exhibit[ed] no hostility" at the time of the incident.  She also claims that if the exhibits are admitted, the Court should instruct the jury that the representations in the recordings are "not necessarily indicative of what actually happened inside [CHFS]."  [Record No. 72, p. 4]  But contrary to the plaintiff's contention, her disagreement as to how her conduct was interpreted in the dispatch recordings does not render the reports of her actions at CHFS irrelevant for admissibility purposes.  To the extent she seeks to de-emphasize the dangerousness of her conduct, she may do so by challenging Favia and Mott's interpretations of the events during cross-examination of those witnesses.

The statements contained in the dispatches, radio traffic, and CAD reports may be admitted for the purpose of demonstrating their effect on the listener.  As just explained, the statements in the reports are not inadmissible hearsay if they are admitted to explain Sturgill's actions taken in response to the information that the defendant received.  For example, the statement from a dispatcher that Winer was seen "around social services" may not be admitted to prove her actual location, but to explain why Sturgill went to CHFS to help Mott.  [Record No. 56, Exhibit 9]  *See, e.g., Woods v. City of Chi.*, 234 F.3d 979, 986-87 (7th Cir. 2000) (holding that statements in a police report are admissible to show the effect on the officer who heard them, regardless of "whether the information in the tips turns out to be true").

Additionally, statements from officers who were present with Winer are admissible under the "present sense impression" exception to the rule against hearsay.  *See* Fed. R. Evid.

803(1) (permitting a hearsay statement "describing or explaining an event or condition, made while or immediately after the declarant perceived it").  In *United States v. Morrow*, the District Court for the District of Columbia admitted officer statements from a dispatch tape under Rule 803(1) because the government had established by a preponderance of the evidence that the declarants "(1) observed firsthand and participated in the event . . . (2) that the statements were made while the declarants were observing the event or condition or immediately thereafter; and (3) the statements report what the declarants observed firsthand through the senses."  No. 05-355-CKK, 2005 WL 3163803, at *2 (D.D.C. June 9, 2005).  However, the court held that statements by police dispatchers would not fall within Rule 803(1)'s exception because the dispatchers were "working back at the police station" and did not perceive the events at issue firsthand.  *Id.* at *3.

Having reviewed the exhibits tendered by the defendant, the Court concludes that the statements from Mott and Sturgill to police dispatchers constitute present sense impressions under Rule 803(1).  [*See* Record No. 56, Exhibits 8, 11, 14, 16.]  The evidence shows that the officers made the statements while or immediately after they observed Winer's conduct at CHFS, and that their statements were based on their firsthand experience.  By contrast, the defendant has not demonstrated that the statements from police dispatchers fall within Rule 803(1)'s exception because the dispatchers were not present at the scene of Winer's arrest.  [Record No. 56, Exhibits 6, 9, 10, 12, 15, 17, 19]  Should the defendant seek to make a proper showing of admissibility under Rule 803(1) or to admit the statements from police dispatchers under a different exception to the rule against hearsay, he may do so at trial.

Finally, the statements in the CAD reports may be admitted under the "public records" exception to the rule against hearsay.  [*See* Record No. 56, Exhibits 7, 13, 18.]  Rule 803(8) of

the Federal Rules of Evidence provides that a public record is admissible if it "sets out . . . a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel . . . [and] the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."  Here, the statements in the CAD reports were made pursuant to a duty to report, and the plaintiff has made no showing that they are untrustworthy.  *See also Scher v. Valente*, No. 06-CV-10712-JLA, 2008 WL 11511475, at \*1 (D. Mass. July 16, 2008) (holding that statements in CAD reports are admissible under public records exception because they "relate to 'matters observed pursuant to . . . a duty to report" and because plaintiff did not demonstrate untrustworthiness).

The plaintiff's motion regarding this issue will be denied.

### 13.  Attacking Witness Credibility

Winer moves the Court to prohibit any "attack[s on] a witness' credibility by cross-examining the witness on specific instances of wrongful conduct for impeachment purposes unless it concerns the witness' character for truthfulness or untruthfulness."  [Record No. 67-1, p. 9]  The defendant does not object to the motion.

The plaintiff does not identify any specific instances of wrongful conduct that she seeks to exclude.  Instead, her request merely reestablishes the general principles set forth in Rule 608 of the Federal Rules of Evidence.  Because "[m]otions in limine should not be used 'to reiterate matters which are set forth elsewhere in the . . . Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial,'" the plaintiff's motion will be denied. *See Kelly v. Patel*, No. 1:20-CV-01291, 2021 WL 2460560, at \*1 (W.D. La. June 16, 2021) (citation omitted).

### 14.  Criminal Charges and Misdemeanor Convictions

Winer next moves to exclude the "[u]se of criminal charges and misdemeanor convictions to impeach Plaintiff or her witnesses." [Record No. 67-1, p. 9] The defendant does not object to the plaintiff's request, nor does he claim that he seeks to rely on any of the plaintiff's prior charges or convictions for impeachment purposes. However, Winer has not identified any specific charges or convictions that she seeks to exclude. Moreover, Rule 608 permits the use of charges and misdemeanor convictions for impeachment purposes on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). Because the plaintiff has failed to show that such evidence is clearly inadmissible under Rule 608, her motion on this issue is denied.

### 15. Felony Convictions

The plaintiff moves to exclude the "[u]se of any felony convictions more than ten (10) years old for impeachment." [Record No. 67-1, p. 9] The defendant does not object, nor has he provided notice that he intends to introduce evidence of any of the plaintiff's felony convictions from more than ten years ago at trial, as he is required to do under Rule 609(b)(2). The motion on this issue is granted.

### 16. Reference to Facts Not in Record

Winer moves to exclude any "statements or arguments by defense counsel of facts not in the record during his closing statement to the jury." [*Id.* at p. 9] The defendant does not object.

It is well-established that attorneys may not refer to evidence that is not in the record at trial. *Waldron v. Waldron*, 156 U.S. 361, 380 (1895) (holding that "the assertion by counsel, in argument, of facts, no evidence whereof is properly before the jury, in such a way as to

seriously prejudice the opposing party, is . . . also ground" for reversal); *see also Price v. Trans Union, LLC*, 839 F.Supp.2d 785, 806 (E.D. Pa. 2012) ("[A] court may grant a new trial when counsel's closing argument refers to evidence not in the record or other extraneous matter if the court finds there is a reasonable probability of influencing the verdict."); *United States v. Hollier*, 306 F.Supp.2d 345, 346 (S.D.N.Y. 2004) ("While lawyers are entitled to broad latitude in inferences they may suggest to jury during closing arguments, counsel may not refer to 'facts' that are not in the record, nor may counsel misstate the evidence.") (citation omitted). Winer's motion merely restates the law without providing specific evidence that she wishes to exclude and is therefore unnecessary. The motion regarding this issue is denied as moot.

### 17.  Social Media Accounts

For Winer's penultimate request, she seeks to exclude the "[u]se of information from Plaintiff's social media accounts." [Record No. 67-1, p. 9] The defendant does not respond to the Plaintiff's request, and he does not indicate that he intends to use information from such accounts during trial. However, the plaintiff has not presented any specific social media posts that should be excluded. And she has not demonstrated that information from her social media accounts would be clearly inadmissible. Because the Court is disinclined to exclude broad categories of evidence at this stage of the proceedings, this will be denied.

### 18.  Witnesses and Evidence Not Designated for Use at Trial

Finally, the plaintiff moves to exclude any "witnesses or evidence not specifically designated in Defendant's Witness List and Exhibit List." [Record No. 67-1, p. 10] Winer claims that "new, previously undisclosed evidence" should be excluded under the terms of the Court's Scheduling Order at Record No. 10, which requires the parties to submit lists of witnesses and exhibits for trial on or before June 2, 2023. [*Id.* at p. 10] The plaintiff also

- 20 -

contends that the evidence the defendant failed to timely disclose should be excluded under Rule 26(a)(3) of the Federal Rules of Civil Procedure, which states that a party must provide information "about the evidence that it may present at trial" at least 30 days before the trial is scheduled to begin.

There is no indication that Sturgill intends to supply evidence at trial that was not timely disclosed. However, should the defendant seek to introduce such evidence, it may be admitted pursuant to Rule 37(c) of the Federal Rules of Civil Procedure if he demonstrates that his failure to disclose was "substantially justified or is harmless." Moreover, evidence that was not previously designated for use at trial may be introduced for rebuttal or impeachment purposes, as Sturgill correctly notes. [Record No. 77, p. 7] Accordingly, the Court will defer ruling on the plaintiff's motion. Should any disputes arise regarding the presentation of previously undisclosed evidence in the future, the parties may raise their concerns during trial.

### B. Sturgill's Motion in Limine and Objections

### 1. Events Prior to the Afternoon of June 24, 2021

The defendant moves to exclude any evidence of, or reference to, events that occurred prior to Winer's arrest on June 24, 2021. He claims that only the events "occurring on the afternoon of June 24, 2021 of which [Sturgill] was made aware or perceived himself" are relevant to Winer's claims. [Record No. 77, p. 7] Specifically, the defendant seeks to exclude evidence of his response to a dispatch reporting a domestic disturbance at Winer's residence on the evening of June 23, 2021, and his response to a dispatch reporting that Winer's child was left unattended on the morning of July 24, 2021. Sturgill also moves to exclude footage of Mott and Favia's interview with Winer at CHFS, which he did not attend. Sturgill claims that reference to the CHFS interview should be limited to the information that he received over

the radio, through dispatch reports, or from Mott and Favia when he arrived at the CHFS parking lot.  [Record No. 77, pp. 5-6]

The plaintiff objects to the motion.  She claims that events occurring before the date in question are relevant to explain "why Plaintiff came into possession of the gun, and the reason the gun was brought to the social services office."  [Record No. 73, p. 4]  She also claims that evidence of her domestic dispute with Fisher is relevant to her claim for damages.  She explains that because her status as a victim of domestic violence amounts to a "preexisting physical condition which [makes her] more susceptible to injury," she can present evidence regarding that preexisting condition to the jury.  [Record No. 73, p. 3 (citing *Finn v. Warren Cnty., Ky.*, 768 F.3d 441, 452 (6th Cir. 2014))]

There is contradiction in the plaintiff's position.  Winer objects to the exclusion of evidence regarding events that occurred prior to her arrest on June 24, 2021.  However, her own motion in limine seeks to exclude reference to "any previous law enforcement or social services interactions involving the Plaintiff."  [*See* Record No. 67-1, p. 5]  As Sturgill correctly notes, Winer is attempting to present a one-sided version of the facts by *admitting* evidence of her domestic dispute with Fisher on June 23, 2021, while *excluding* reports of a domestic disturbance at her residence and of child neglect from the same time period.  Adopting Winer's approach would be wholly inconsistent with the Federal Rules of Evidence.  Therefore, the plaintiff's request to "cherry-pick" the facts that are presented to the jury is rejected.

Evidence of events prior to Winer's arrest that did not involve Sturgill will be excluded as irrelevant.  As previously discussed, the central inquiry in this matter is whether Sturgill's use of force while arresting Winer was reasonable under the Fourth Amendment.  To that end, the jury may consider any information that Sturgill possessed at the time of the arrest—

- 22 -

including information that he heard over the radio, read through a CAD report, or that was relayed to him from Favia and Mott.  By contrast, information that was not available to Sturgill at the time of Winer's arrest, including information from Winer's interview with Mott and Favia that was not provided to the defendant, is irrelevant to the plaintiff's claims.  Sturgill first became aware of the circumstances regarding Winer's arrest for trespassing when he heard over the radio that Mott had requested emergency assistance at CHFS.  Accordingly, the video recording of Mott and Favia's interview with Winer (which takes place prior to that alert and does not involve the defendant) will be excluded.

Additionally, to the extent Sturgill was aware of Winer's domestic dispute with Fisher on June 23, 2021, such information will be excluded under Rule 403 because it risks misleading the jury.  Again, the central inquiry in this matter is whether Sturgill used excessive force when he arrested Winer for trespassing in the CHFS parking lot.  The only facts pertaining to Winer's interview at CHFS that are relevant to Sturgill's arrest are: (1) that she met with Mott and Favia, (2) that she brandished a weapon during their meeting, and (3) that she refused to comply with requests to leave CHFS' premises.  The plaintiff does not contest the fact that she was being arrested because she refused to leave CHFS after her meeting. Accordingly, introducing evidence to explain why she came to CHFS to begin with is not relevant to her claims against Sturgill and would likely mislead the jury.  Moreover, granting the plaintiff's request to introduce evidence of domestic abuse would also open the door to the defendant's admission of the June 23, 2021 domestic disturbance report and the June 24, 2021 unattended child report, which could unfairly prejudice the plaintiff under Rule 403.

The Court specifically rejects Winer's claim that evidence of the domestic violence she experienced is relevant to her claim for damages.  She cites *Finn v. Warren County*, in which

the Sixth Circuit recognized that a plaintiff may present evidence of "preexisting physical conditions which make the claimant more susceptible to injury, or to greater injury, than would have been the case with better health." 768 F.3d at 452. However, the plaintiff has not cited (and this Court has not located) any authority suggesting that the plaintiff may introduce evidence of domestic violence that she has experienced for the purpose of characterizing herself as an "eggshell plaintiff." Moreover, Winer has not explained how her status as a victim of domestic violence is directly related to any damages she suffered as a result of Sturgill's actions. *See* Eleventh Circuit Pattern Jury Instructions, § 5.3 (holding that jury must find "that [the defendant's] conduct *caused* [plaintiff's] injuries") (emphasis added).

The defendant's motion on this issue is granted.

### 2. Challenging Lawfulness of Arrest

Sturgill next moves to exclude any argument or evidence "contest[ing] the 'lawfulness' of [Winer's] arrest." [Record No. 69, p. 4] The defendant claims that even if the plaintiff's arrest for trespassing was invalid, she was not entitled to resist arrest under Kentucky law. [*Id.* (citing *Baze v. Commonwealth*, 965 S.W.2d 817, 821 (Ky. 1997) (holding that the plaintiff "could not resist arrest even if he believed the arrest was unlawful"))] The plaintiff does not object to the motion and has not indicated that she intends to challenge the lawfulness of her trespassing charge at trial. The defendant's motion on this issue is granted.

### 3. Objection to Mott's Inside Body Camera Footage

Sturgill objects to the plaintiff's intended use of footage from Mott's body camera recording Winer's interview with Favia and Mott at CHFS. [Record No. 70, p. 1] The defendant claims that the footage is irrelevant because Sturgill was not present for the interview and received only secondhand information about the meeting from Favia and Mott.

- 24 -

As just explained with respect to the defendant's first motion in limine, evidence from Winer's interview with Favia and Mott will be excluded because the defendant was not present for their meeting.  The defendant's objection regarding this issue is sustained.

### 4. Objection to Deposition Transcripts

Finally, Sturgill objects to the plaintiff's inclusion of deposition transcripts.  [Record No. 70, p. 2]  The defendant explains that Winer presumably listed the entire transcripts as exhibits "in an attempt to show completeness," and that he presumes that the plaintiff does not intend to use the transcripts at trial "in a manner inconsistent with the Federal Rules of Evidence."  [*Id.*]  Regardless of Winer's intended use of the transcripts, the Court will endeavor to ensure that any evidence used at trial is presented in full compliance with the Federal Rules of Evidence.  The defendant's objection regarding this issue is sustained.

### III.

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1.      Plaintiff Brittany Winer's motion in limine [Record No. 67] is **GRANTED, in part**, and **DENIED, in part**, consistent with this Memorandum Opinion and Order.  The plaintiff's objections to the defendant's exhibits [Record No. 68] are **OVERRULED**.

2.      Defendant Matthew Sturgill's motion in limine [Record No. 69] is **GRANTED**.  The defendant's objections to the plaintiff's exhibits [Record No. 70] are **SUSTAINED**.

Dated: July 11, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 25 -